DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CUSTOM MARINE SALES, INC.**, a Florida corporation,
Appellant,

v.

**BOYWIC FARMS, LTD.,** a Florida limited partnership, and
**BROWARD REALTY CORPORATION**, a Florida corporation,
Appellees.

No. 4D17-2828

[April 25, 2018]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mily Rodriguez Powell, Judge; L.T. Case No. CACE 16-2297 (03).

Louis C. Arslanian, Hollywood, for appellant.

Gale Ciceric Payne of Gale Payne & Associates, Fort Lauderdale, for appellees.

KUNTZ, J.

Custom Marine Sales, Inc. ("Custom Marine") appeals a non-final order requiring it to deposit rent payments into the court registry. It argues that the trial court erred in ordering it to deposit rent pursuant to section 83.232, Florida Statutes (2017), because there is no rent due under the applicable lease. The commercial lease agreement at issue included a provision waiving rent payments until the completion of certain improvements. Because those improvements were not completed, we reverse.

Boywic Farms, LTD ("Boywic Farms") agreed to lease a commercial property to Custom Marine. Under paragraph 8 of the lease, Boywic Farms needed to complete improvements to the property before delivering possession. The lease included the following in its definition of "delivery": "Landlord shall be deemed to have delivered possession of the Premises to Tenant when Landlord has given Tenant ten (10) days' written notice that Landlord has substantially completed . . . " the required improvements. Paragraph 8 also provides that "rent shall be waived for the period between

the Effective Date and the date on which Landlord delivers possession of the Premises to Tenant."

The language of the lease agreement is clear. When the language of a contract is unambiguous, it must be enforced based on its plain language. *Hahamovitch v. Hahamovitch*, 174 So. 3d 983, 986 (Fla. 2015). It is undisputed that Boywic Farms waived required rent payments until it completed the improvements provided for in paragraph 8 of the lease. Further, it is undisputed that it did not complete those improvements. Thus, there were no rent payments due under the lease agreement and the court erred in ordering Custom Marine to deposit payments into the court registry.

*Reversed and remanded.*

CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2